Forrest L. COLLINS, Petitioner,

v.

STATE BOARD OF LAW EXAMINERS, Respondent.

Robert E. LOWE, Petitioner,

v.

STATE BOARD OF LAW EXAMINERS, Respondent.

Nos. 50885, 50886.

Supreme Court of Minnesota.

July 3, 1980.

Forrest Collins, Minnetonka, Robert E. Lowe, Minneapolis, pro se.

Richard E. Klein, Dir. of Bar Admissions, St. Paul, for respondent.

## ORDER FOR ADMISSION TO THE PRACTICE OF LAW

OTIS, Justice.

The above-entitled matters came before this Court on the petitions of Forrest L. Collins and Robert E. Lowe for review of the Minnesota State Board of Law Examiners' decision denying their petitions to join the Minnesota Bar on motion and without taking the Bar examination, pursuant to Rule VIII(D) of this court's Rules for Admission to the Bar. Petitioners assert the following:

Petitioner Forrest L. Collins is presently and has been a member of the Bars of Wisconsin and Ohio, and licensed to practice before the highest courts of those jurisdictions since 1973. Petitioner has practiced law as his principal occupation since 1973.

Petitioner Robert E. Lowe is presently and has been a member of the Bar of Illinois since 1969 and of the Bar of Wisconsin since 1970, and has been licensed to practice before the highest courts of those jurisdictions since 1969 and 1970, respectively. He has practiced law as his principal occupation since 1969.

Petitioner Lowe on January 17, 1979, and Petitioner Collins on March 2, 1979, filed with the State Board of Law Examiners an application for admission to the Bar of the State of Minnesota, pursuant to Rule VIII of the Supreme Court Rules for Admission to the Bar.

On December 4, 1979, Petitioners were advised by the State Board of Law Examiners that it would not recommend their admissions on motion to the Bar of Minnesota.

Petitioners requested this Court to review the decision of the Board of Law Examiners and conclude that they have been actively engaged in the practice of law for at least five of the seven years next preceding the filing of their applications for admission to the Bar and are eligible for admission to the practice of law in the State of Minnesota.

This Court, having reviewed the petitions of Forrest L. Collins and Robert E. Lowe, the answers filed on behalf of the Board of Law Examiners, and the briefs submitted by Petitioners and that Board, does hereby hold that the Petitioners have as their principal occupation been actively engaged in the practice of law for at least five of the seven years next preceding their applications for admission to the Bar of this state and that as attorneys admitted to practice in the states of Wisconsin and Ohio, for Petitioner Collins, and Illinois and Wisconsin, for Petitioner Lowe, shall be admitted to the practice of law in the State of Minnesota on motion and without examination.

ROGOSHESKE, Justice (dissenting).

I disagree. Implicit in the court's order is the conclusion that petitioners have persuasively demonstrated by their pro se appearances before this court that each possesses the requisite qualifications, experience, and professional proficiency to be admitted to the bar of this state without written examination. While I am inclined to agree, the order, as the summary order in *Berman v. State Board of Law Examiners*, No. 45005 (Minn. July 1, 1974), does not answer the board's plea as to the factors or guidelines which should be followed by the board in considering applications for Rule VIII(D) admissions.

Petitioners' applications reveal that each one's practice of law since out-state admission was limited to practicing patent and trademark law as house counsel for corporations and that to fulfill the time requirement the years spent by each representing

Minnesota corporations while residing in this state must be counted. Since the board asserts that in the past Rule VIII(D) applicants possessing similar qualifications have uniformly been treated by the board as not meeting the requirements for admission without examination, the order surely will only add perplexity to the board's future interpretation and application of the rule. I believe the court would do well to deny these applications or, preferably, to offer petitioners these alternatives—a special temporary license under Rule IX permitting petitioners to furnish legal services and advice to only their respective employers, as suggested by the board, or to stay their applications and appeals pending this court's prompt consideration of revising Rule VIII(D). In my opinion, these proceedings demonstrate that a revision that would more nearly comport with the reality of the growing specialization in the practice of law and the interstate mobility of lawyers is long overdue.

SHERAN, Chief Justice. I agree with the views of Mr. Justice Rogosheske.

KELLY, Justice. I join in the dissent of Mr. Justice Rogosheske.

TODD, Justice. I join in the dissent of Mr. Justice Rogosheske.